## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

**TOKI R. CAMERON**
1821 Crader Dr., Apt. B
Jefferson City, MO 65109

On Behalf of Herself
All Others Similarly Situated,

      Plaintiffs,

vs.

**ELDERCARE MANAGEMENT
SERVICS, INC.**
Please Serve Registered Agent:
Carl C. Lang
2500 S. Old Hwy 94, Suite 104
St. Charles, MO 63303

**ELDERCARE OF MID-MISSOURI VII,
INC. d/b/a VILLA MARIE - A
STONEBRIDGE COMMUNITY**
Please Serve Registered Agent:
Carl C. Lang
2500 S. Old Hwy 94, Suite 104
St. Charles, MO 63303

**ELDERCARE OF MID-MISSOURI V,
INC. d/b/a LAKESIDE MEADOWS -
A STONEBRIDGE COMMUNITY**
Please Serve Registered Agent:
Carl C. Lang
2500 S. Old Hwy 94, Suite 104
St. Charles, MO 63303

**ELDERCARE OF MID-MISSOURI VI,
INC. d/b/a WESTPHALIA HILLS -
A STONEBRIDGE COMMUNITY**
Please Serve Registered Agent:
Carl C. Lang
2500 S. Old Hwy 94, Suite 104
St. Charles, MO 63303

**JURY TRIAL DEMANDED**

Case No.: _____

**ELDERCARE OF MID-MISSOURI IV,** )
**INC. d/b/a THE VILLA -** )
**A STONEBRIDGE COMMUNITY** )
Please Serve Registered Agent: )
Carl C. Lang )
2500 S. Old Hwy 94, Suite 104 )
St. Charles, MO 63303 )
                                  )
**ELDERCARE OF MID-MISSOURI VIII,**)
**INC. d/b/a OAK TREE VILLAS -** )
**A STONEBRIDGE COMMUNITY** )
Please Serve Registered Agent: )
Carl C. Lang )
2500 S. Old Hwy 94, Suite 104 )
St. Charles, MO 63303 )
                                  )
**BROOK VIEW NURSING HOME, INC.** )
**d/b/a STONEBRIDGE MARYLAND** )
**HEIGHTS** )
Please Serve Registered Agent: )
Mark Liermann )
2500 S. Old Hwy 94, Suite 104 )
St. Charles, MO 63303 )
                                  )
**ELDERCARE OF THE VALLEY, INC.** )
**d/b/a THE VALLEY -** )
**A STONEBRIDGE COMMUNITY** )
Please Serve Registered Agent: )
Carl C. Lang )
7733 Forsyth, 4th Floor )
St. Charles, MO 63105 )
                                  )
**ELDERCARE OF MARBLE HILL,** )
**L.L.C. d/b/a WOODLAND HILLS** )
**A STONEBRIDGE COMMUNITY** )
Please Serve Registered Agent: )
Steven J. Liermann )
2963 Doddridge Ave. )
Maryland Heights, MO 63043 )
                                  )
**ELDERCARE OF MID-MISSOURI IX,** )
**INC. d/b/a INDIAN HILLS -** )
**A STONEBRIDGE COMMUNITY** )
Please Serve Registered Agent: )
Carl C. Lang )
2500 S. Old Hwy 94, Suite 104 )

2

St. Charles, MO 63303                    )
                                         )
              Defendants.                )

## COMPLAINT
### Collective Action Under the FLSA
### Rule 23 Class Action Claims – Missouri Law
### Individual Claims Under 42 U.S.C. 1981 and the Missouri Human Rights Act

Plaintiff Toki Cameron hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. § 216(b) and the Missouri common law and wage laws, RSMo. § 290.500, *et seq.*, and individual claims for violation of 42 U.S.C. § 1981 and the Missouri Human Rights Act as follows:

## PRELIMINARY STATEMENT

1.   Defendant Eldercare Management Services, Inc. is "a leader of nursing homes and residential care living in Missouri." Defendant Eldercare Management Services, Inc. wholly owns and operates the other nine (9) Defendants as nursing homes and residential care living facilities throughout Missouri.

2.   Plaintiff Toki Cameron brings this representative action against Defendants for unpaid compensation and overtime compensation, and related penalties and damages. Defendants' practice and policy is to willfully fail and refuse to properly pay wages including overtime compensation due Plaintiff, and all other similarly situated employees, who work as nonexempt hourly employees. In particular, Defendants require such persons to perform work tasks during meal break time that is deducted from their pay. These practices and policies are in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and Missouri common and wage laws, RSMo. § 290.500 *et seq.*

3. For her representative claims, Plaintiff seeks injunctive and declaratory relief; wages for all time worked including overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

4. Plaintiff also brings individual claims against Defendants Eldercare Management Services, Inc. and Eldercare of Mid-Missouri VII, Inc. d/b/a Villa Marie – A Stonebridge Community ("EMM VII"), located in Jefferson City, Missouri. Plaintiff worked at EMM VII for approximately one year and seven months as a Licensed Professional Nurse. Defendant EMM VII terminated Plaintiff's employment due to her race, African American, and in retaliation for her previous complaints of race discrimination.

5. For her individual claims, Plaintiff seeks back pay, front pay and/or reinstatement, damages for lost benefits, emotional distress damages, punitive damages, and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Toki Cameron currently resides at 1821 Crader Dr., Apt B, Jefferson City, MO 65109. Plaintiff was employed as a Licensed Professional Nurse ("LPN"), a nonexempt hourly employee, at Defendant EMM VII's facility located in Jefferson City, Missouri. Plaintiff's consent to become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

7. Defendant Eldercare Management Services, Inc. ("EMS") is a Missouri corporation registered to do business and in good standing in the state of Missouri. EMS's principal

place of business is St. Louis, Missouri. EMS owns and operates the other nine (9) locations in the state of Missouri.

8.  Defendant Eldercare of Mid-Missouri IX, Inc. ("EMM IX") is a Missouri corporation registered to do business and in good standing in the state of Missouri. EMM IX conducts business as Indian Hills – A Stonebridge Community, a residential rehabilitation and skilled care facility located at 2601 Fair St., Chillicothe, MO 64601.

9.  Defendant Eldercare of Mid-Missouri V, Inc. ("EMM V") is a Missouri corporation registered to do business and in good standing in the state of Missouri. EMM V conducts business as Lakeside Meadows – A Stonebridge Community, a residential memory, rehabilitation, and skilled care facility located at 872 College, Lake Ozark, Missouri 65065.

10. Defendant Eldercare of Mid-Missouri VIII, Inc. ("EMM VIII") is a Missouri corporation registered to do business and in good standing in the state of Missouri. EMM VIII conducts business as Oak Tree Villas – A Stonebridge Community, a residential rehabilitation and skilled care facility located at 3108 W. Truman Blvd., Jefferson City, MO 65109.

11. Defendant Brook View Nursing Home, Inc. ("Brook View") is a Missouri corporation registered to do business and in good standing in the state of Missouri. Brook View conducts business as Stonebridge Maryland Heights, a residential rehabilitative, memory, and skilled care facility located at 2963 Doddridge Ave., Maryland Heights, MO 63043.

12. Defendant Eldercare of the Valley, Inc. ("EV") is a Missouri corporation registered to do business and in good standing in the state of Missouri. EV conducts business as The

Valley – A Stonebridge Community, a bridge rehabilitation and skilled care facility located at 6768 N. Hwy 67, Florissant, MO 63034.

13. Defendant Eldercare of Mid-Missouri IV, Inc. ("EMM IV") is a Missouri corporation registered to do business and in good standing in the state of Missouri. EMM IV conducts business as The Villas – A Stonebridge Community, a residential rehabilitation and skilled care facility located at 1550 Villa Dr., Desoto, MO 63020.

14. Defendant Eldercare of Mid-Missouri VII, Inc. ("EMM VII") is a Missouri corporation registered to do business and in good standing in the state of Missouri. EMM VII conducts business as Villa Marie – A Stonebridge Community, a bridge rehabilitation and skilled care facility located at 1030 Edmonds St., Jefferson City, MO 65109.

15. Defendant Eldercare of Mid-Missouri VI, Inc. ("EMM VI") is a Missouri corporation registered to do business and in good standing in the state of Missouri. EMM VI conducts business as Westphalia Hills – A Stonebridge Community, a residential rehabilitation and skilled care facility located at 1899 Hwy 63, Westphalia, MO 65085.

16. Defendant Eldercare of Marble Hill, L.L.C. ("Marble Hill") is a Missouri limited liability company registered to do business and in good standing in the state of Missouri. Marble Hill conducts business as Woodland Hills – A Stonebridge Community, a skilled care and residential facility located at 702 Hwy 34 West, Marble Hill, MO 63764.

## JURISDICTION AND VENUE

17. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

18. This Court has supplemental jurisdiction for all claims asserted under the Missouri wage and common laws in that the claims under these laws are part of the same case and

controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claim would not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

19. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for Plaintiff's individual claims against Defendants EMS and EMM VII brought under 42 U.S.C. § 1981.

20. The United States District Court for the Western District of Missouri, Central Division has personal jurisdiction because Defendants conduct business within this District and Division.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants have offices, conduct business, and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri, Central Division. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within the state of Missouri.

22. At all relevant times, Defendants have been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including each of the putative representative action plaintiffs. At all relevant times, Defendants have had operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

23. At all relevant times, Defendants have been, and continues to be, an "employer" within the meaning of the Missouri wage laws, RSMo. § 290.500(4). At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including each of the putative representative action plaintiffs within the meaning of the Missouri wage laws, RSMo. § 290.500(3).

24. At all relevant times, Defendants EMS and EMM VII were "employers" within the meaning of 42 U.S.C. § 1981.

25. EMS and the other nine (9) defendants named in this Complaint are joint employers under the meaning of the FLSA and Missouri wage laws because (1) the operations of EMS and the other nine (9) defendants are interrelated and (2) the companies share common management including human resources and compliance oversight.

26. Plaintiff is dually filing a charge of discrimination with the Missouri Commission on Human Rights and the EEOC, and she will amend this Complaint when she obtains her right to sue letters.

## COUNT I
### Collective Class Action Claim under the FLSA
### Against All Defendants

27. Plaintiff incorporates the foregoing paragraphs of this Complaint into this Count.

28. Plaintiff was employed as a Licensed Professional Nurse ("LPN"), a nonexempt hourly employee, at Defendant EMM VII's Villa Marie facility located in Jefferson City, Missouri. Plaintiff, along with other nonexempt hourly employees, worked at Defendant EMM VII's Villa Marie facility.

29. Like Plaintiff, Defendants employ numerous other nonexempt hourly employees at all of their facilities in Missouri.

8

30. All of Defendants' nonexempt employees are similarly situated in that they are all subject to Defendants' same compensation policy and plan that requires them to perform work and/or requires them to be present at work while not compensating them for their services (herein referred to as the "putative representative action plaintiffs"). In particular, Defendants' policies that apply to its nonexempt employees are as follows: Defendants require these employees to perform work during unpaid meal breaks which in turn lowers or reduces hours worked in excess of forty per week. These policies deny overtime compensation and are in violation of the FLSA.

31. Defendant EMM VII automatically deducted for "Lunch" 30 minutes from Plaintiff's work time on every work shift in which she worked less than 14 hours and 1 hour from Plaintiff's work time on every work shift in which she worked more than 14 hours.

32. Plaintiff did not clock out for these "Lunch" periods. Thus, Plaintiff worked "off the clock" when she worked through her work shift without a meal period.

33. On information and belief, Defendant EMM VII required that employees who left the facility for meal and break periods, or for other reasons, to clock out and then did not pay these employees for the time away. However, Defendant EMM VII also automatically deducted "Lunch" period time from employees' work time in addition to the time the employee clocked out.

34. On information and belief, Defendants applied the same automatic deduction "Lunch" period policy and practice to all non-exempt employees at all of its facilities.

35. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less

9

than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

36. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendants as nonexempt hourly employees within three years from the commencement of this action who have not been correctly compensated for overtime under the FLSA.

37. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the FLSA for all claims asserted by Plaintiff because her claims are similar to the claims of the putative representative action plaintiffs.

38. The names and addresses of the putative representative action plaintiffs are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

39. Defendants failed to compensate Plaintiff and the putative representative action plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

40. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative representative action plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular

rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

42. Plaintiff, on behalf of themselves and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed putative representative action plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff Toki Cameron as Representative Plaintiff of the putative representative action plaintiffs of nonexempt hourly employees;

c. Designation of Rowdy Meeks Legal Group LLC as the attorneys representing the putative representative action plaintiffs;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided

by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f.      An award of damages for overtime compensation due for Plaintiff and the putative representative action plaintiffs, including liquidated damages, to be paid by Defendants;

g.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h.      Pre-Judgment and Post-Judgment interest, as provided by law; and

i.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II
### FED.R.CIV.P. 23 Class Action under Missouri Wage Laws
### Against All Defendants

43.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint into this Count.

44.     Plaintiff was employed as a Licensed Professional Nurse ("LPN"), a nonexempt hourly employee, at Defendant Villa Marie's facility located in Jefferson City, Missouri. Plaintiff, along with other nonexempt hourly employees, worked at Defendant Villa Marie's facility.

45.     Missouri Named Plaintiff brings this Count as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself and the following class of persons:

> All current and former non-exempt employees of Defendants who will, are, or have worked at locations in Missouri at any time during the last two years who were subject to Defendants' unlawful compensation policies of failing to pay wages including overtime compensation for all hours worked.

46. The state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

47. Missouri Named Plaintiff, individually and on behalf of the above Missouri Class Members, bring a class action based on the Missouri wage laws, RSMO. § 290.500 *et seq.*, in particular, § 290.505.1 and § 290.527.

48. Missouri Named Plaintiff and the Missouri Class Members are all similarly situated in that they were all subject to Defendants' policy of requiring these employees to perform work during unpaid meal breaks, which in turn lowers or reduces hours worked in excess of forty per week. These policies deny overtime compensation and are in violation of the Missouri wage laws, in particular RSMo. § 290.505.

49. Class certification of this Count for violations of Missouri wage laws is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

   a. The members of the Missouri Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Missouri Named Plaintiff at the present time but the estimate would place the number in excess of one hundred;

   b. There are questions of law and fact arising in this action which are common to Missouri Named Plaintiff and the Missouri Class Members, including:

   (i) Whether Defendants' policies and practices described within this Complaint were illegal;

   (ii) Whether Missouri Class Members are paid for all of the overtime they work;

(iii) Whether Defendants maintain accurate records of the time the Missouri Class Members work;

(iv) Whether Defendants' policies and practices regarding the recording and modifying of time is lawful; and

(v) Whether Defendant failed to pay appropriate overtime premiums to the Missouri Class Members in violation of the Missouri wage laws, RSMo. § 290.505.

50. Missouri Named Plaintiff's claims are typical of the claims of the Missouri Class Members. Missouri Named Plaintiff was paid under the same policy and procedure as all members of the class. Missouri Named Plaintiff and all members of the class were victims of the same wrongful conduct engaged by Defendants in violation of the Missouri wage laws.

51. Missouri Named Plaintiff will fairly and adequately protect the interests of the members of the class.

52. Missouri Named Plaintiff has retained counsel who is competent and experienced in class action and complex litigation involving compensation claims.

53. Missouri Named Plaintiff has no interests which are adverse to or in conflict with other Missouri Class Members.

54. Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this class in individually controlling their

prosecution of claims under the Missouri wage laws; (b) it is desirable to concentrate all the litigation of these claims in this forum; and, (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

55. In the absences of a class action, Defendants would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the Missouri wage laws.

56. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against large, well-represented corporate defendants. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

57. Defendants failed to pay Missouri Named Plaintiff and the Missouri Class Members the overtime required by Missouri law.

58. Defendants' failure to pay the correct amount of overtime violates the Missouri wage law, RSMo. § 290.505.

59. Because Defendants failed to properly pay overtime as required by law, Missouri Named Plaintiff and the Missouri Class Members are entitled under the Missouri wage laws to bring this civil action under RSMo. § 290.527, are entitled to all overtime compensation

due to them at a rate of 1 and ½ times the regular rate of pay for all overtime hours worked in the past two years under RSMo. § 290.505 and § 290.527, and under RSMo. § 290.527 to recover additional liquidated damages in the same amount, costs, and reasonable attorneys' fees.

**WHEREFORE**, Missouri Named Plaintiff, on behalf of herself and the Missouri Class Members, pray for relief as follows for Count II of this Complaint:

a.  Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Missouri Class Members and issuance of notice pursuant to all Missouri Class Members, apprising them of the pendency of this action;

b.  Designation of Missouri Named Plaintiff Toki Cameron as Representative Plaintiff of the Missouri Class Members;

c.  Designation of Rowdy Meeks Legal Group LLC as the attorneys representing the Missouri Class Members;

d.  A declaratory judgment that the practices complained of herein are unlawful under the Missouri wage laws;

e.  An award of damages for overtime compensation due for Plaintiff and the putative representative action plaintiffs, including liquidated damages allowed under Missouri law, to be paid by Defendants;

f.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g.  Pre-Judgment and Post-Judgment interest, as provided by law; and

h.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT III
### FED.R.CIV.P. 23 Class Action for Breach of Contract under Missouri Law
### Against All Defendants

60. Plaintiff incorporates the foregoing paragraphs of this Complaint into this Count.

61. At the time Plaintiff and the Missouri Class Members were employed by Defendants, they were hired to work at a fixed hourly wage rate. Defendants, in turn, agreed to pay Plaintiff and the Missouri Class Members an expressly stated rate of pay that the employees would earn for each hour worked.

62. For each hour Plaintiff and the Missouri Class Members worked "off-the-clock" in their tenure with Defendants, they did not receive any compensation from Defendants. This violated the parties' employment agreements.

63. Hours that Plaintiff and the Missouri Class Members worked "off-the-clock" were at the direction and behest of Defendants, not voluntarily performed, but done with the expectation of earning their respective hourly wage.

64. Defendants are liable to Plaintiff and the Missouri Class Members for the damages incurred as a result of Defendants' failure to pay them for their off-the-clock-work.

WHEREFORE, Plaintiff and the Missouri Class Members demand judgment against Defendants and pray for (1) compensatory damages; (2) pre-judgment and post-judgment interest; (3) fees and costs; and (4) such other relief as the Court deems fair and equitable.

## COUNT IV
### FED.R.CIV.P. 23 Class Action for Unjust Enrichment under Missouri Law
### Against All Defendants

65. Plaintiff incorporates the foregoing paragraphs of this Complaint into this Count.

66. Plaintiff and the Missouri Class Members conferred a benefit upon Defendants by working on their behalf without compensation.

67. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiff and the Missouri Class Members.

68. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

WHEREFORE, Plaintiff and the Missouri Class Members demand judgment against Defendants and pray for (1) compensatory damages; (2) pre-judgment and post-judgment interest; (3) fees and costs; and (4) such other relief as the Court deems fair and equitable.

## COUNT V
### Retaliation Pursuant to 42 U.S.C. § 1981
### Against Defendants EMS and EMM VII

69. Plaintiff incorporates the foregoing paragraphs of this Complaint into this Count.

70. Plaintiff is of African-American race and thus entitled to the protections of 42 U.S.C. § 1981.

71. Plaintiff was and is qualified to perform the LPN job she held with Defendants EMS and EMM VII.

72. Plaintiff complained to Defendants EMS and EMM VII about racially derogatory comments and actions by facility residents and employees.

73. For example, in early 2010, a facility resident at EMM VII repeatedly called an African-American employee "a stupid nigger bitch" in front of Plaintiff.

74. Plaintiff encouraged the employee to complain to management. Both Plaintiff and the employee complained in writing to the EMM VII Facility Administrator and the Director of Nursing.

75. Neither the EMM VII Facility Administrator nor the Director of Nursing responded to the complaint.

76. In early July 2010, Plaintiff complained to EMS about bias at EMM VII and that her complaints go unresolved while the complaints of a white employee are resolved immediately.

77. In mid-July 2010, EMM VII suspended Plaintiff for three days without pay.

78. On September 4, 2010, EMM VII terminated Plaintiff's employment.

79. EMM VII has not suspended and/or terminated the employment of other employees who have not complained of race discrimination, but who have engaged in the same conduct for which Plaintiff was terminated.

80. Plaintiff engaged in protected activity under 42 U.S.C. § 1981.

81. Plaintiff suffered an adverse action when (1) she was suspended without pay and (2) her employment was terminated.

82. There is a causal connection between her complaints of race discrimination and the adverse employment actions she suffered.

83. Defendants EMS and EMM VII violated 42 U.S.C. § 1981 by retaliating against Plaintiff for her complaints about race discrimination by suspending her without pay and then terminating her employment.

84. As a result of Defendants EMS and EMM VII unlawful retaliation, Plaintiff has suffered lost back wages and benefits, lost future wages and benefits, emotional distress, and other compensatory damages.

85. Defendants EMS and EMM VII acted with malice and/or with reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981 so she is entitled to an award of punitive damages against Defendants EMS and EMM VII to deter them and others from like conduct.

   **WHEREFORE**, Plaintiff, on behalf of herself, prays for relief against Defendants EMS and EMM VII as follows for Count V of this Complaint:

   a. An award of damages for back lost wages and benefits;

   b. An award of damages for future lost wages and benefits;

   c. An award of damages for emotional distress and other compensatory damages;

   d. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

   e. An award of punitive damages;

   e. Pre-Judgment and Post-Judgment interest, as provided by law; and

   f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper pursuant to 42 U.S.C. §§ 1981 and 1981a.

## COUNT VI
### Race Discrimination Pursuant to 42 U.S.C. § 1981
### Against Defendants EMS and EMM VII

86. Plaintiff incorporates the foregoing paragraphs of this Complaint into this Count.

87. Plaintiff's employment with Defendants EMS and EMM VII provided her with "contract rights" which 42 U.S.C. § 1981 protects from racial discrimination.

88. Defendants EMS and EMM VII violated 42 U.S.C. § 1981 when it intentionally discriminated against Plaintiff due to her race when it suspended her without pay and then terminated her.

89. Defendants EMS and EMM VII failed to suspend without pay and discharge Caucasian employees for the same conduct for which Plaintiff was suspended and discharged.

90. Defendants EMS and EMM VII cannot establish a legitimate, non-discriminatory reason for suspending Plaintiff without pay and then discharging her.

91. As a result of Defendants' EMS and EMM VII unlawful discrimination, Plaintiff has suffered lost back wages and benefits, lost future wages and benefits, emotional distress, and other compensatory damages.

92. Defendants EMS and EMM VII acted with malice and/or with reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981 so she is entitled to an award of punitive damages against Defendants EMS and EMM VII to deter them and others from like conduct.

**WHEREFORE**, Plaintiff, on behalf of herself, prays for relief against Defendants EMS and EMM VII as follows for Count VI of this Complaint:

    a.    An award of damages for back lost wages and benefits;

    b.    An award of damages for future lost wages and benefits;

    c.    An award of damages for emotional distress and other compensatory damages;

    d.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

e.    An award of punitive damages;

e.    Pre-Judgment and Post-Judgment interest, as provided by law; and

f.    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper pursuant to 42 U.S.C. §§ 1981 and 1981a.

## <u>Demand for Jury Trial</u>

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she and all members of the proposed representative action have a right to jury trial.


Respectfully submitted,


*/s/ Rowdy B. Meeks*
Rowdy B. Meeks, MO #48349
**ROWDY MEEKS LEGAL GROUP LLC**
4717 Grand Ave., Suite 840
Kansas City, Missouri 64112
Tel:    (816) 531-2277
Fax:    (816) 531-7722
Rowdy.Meeks@rmlegalgroup.com

**ATTORNEYS FOR PLAINTIFF**