IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TOKI CAMERON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:10-cv-04219-NKL |
| ELDERCARE MANAGEMENT SERVICES, INC., ELDERCARE OF MID-MISSOURI VII, INC. d/b/a VILLA MARIE – A STONEBRIDGE COMMUNITY, ELDERCARE OF MID-MISSOURI V, INC. d/b/a LAKESIDE MEADOWS – A STONEBRIDGE COMMUNITY, ELDERCARE OF MID-MISSOURI VI, INC. d/b/a WESTPHALIA HILLS – A STONEBRIDGE COMMUNITY, ELDERCARE OF MID-MISSOURI IV, INC. d/b/a THE VILLA – A STONEBRIDGE COMMUNITY, ELDERCARE OF MID-MISSOURI VIII, INC. d/b/a OAK TREE VILLAS – A STONEBRIDGE COMMUNITY, BROOKVIEW NURSING HOME, INC. d/b/a STONEBRIDGE MARYLAND HEIGHTS, ELDERCARE OF THE VALLEY, INC. d/b/a THE VALLEY – A STONEBRIDGE COMMUNITY, ELDERCARE OF MARBLE HILL, L.L.C. d/b/a WOODLAND HILLS – A STONEBRIDGE COMMUNITY, and ELDERCARE OF MID-MISSOURI XI, INC. d/b/a INDIAN HILLS – A STONEBRIDGE COMMUNITY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' ANSWER TO NAMED PLAINTIFF'S COMPLAINT**

In answer to Named Plaintiff Toki Cameron's ("Named Plaintiff") Complaint,

Defendants ElderCare Management Services, Inc. ("ElderCare"), ElderCare of Mid-Missouri

VII, Inc. d/b/a Villa Marie – A Stonebridge Community ("Villa Marie"), ElderCare of Mid-Missouri V, Inc. d/b/a Lakeside Meadows – A Stonebridge Community ("Lakeside Meadows"), ElderCare of Mid-Missouri VI, Inc. d/b/a Westphalia Hills – A Stonebridge Community ("Westphalia Hills"), ElderCare of Mid-Missouri IV, Inc. d/b/a The Villa – A Stonebridge Community ("The Villa"), ElderCare of Mid-Missouri VIII, Inc. d/b/a Oak Tree Villas – A Stonebridge Community ("Oak Tree Villas"), Brookview Nursing Home, Inc. d/b/a Stonebridge Maryland Heights ("Brookview"), ElderCare of the Valley, Inc. d/b/a The Valley – A Stonebridge Community ("The Valley"), ElderCare of Marble Hill, L.L.C. d/b/a Woodland Hills – A Stonebridge Community ("Woodland Hills"), and ElderCare of Mid-Missouri IX, Inc. d/b/a Indian Hills – A Stonebridge Community ("Indian Hills")[1] state as follows:

## INTRODUCTION

The Introductory Paragraph of Named Plaintiff's Complaint states legal conclusions to which no response to required. To the extent a response is required, Defendants admit only so much of the Introductory Paragraph of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Missouri wage laws, MO. REV. STAT. §§ 290.010 *et seq.*, and Missouri common law. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in the Introductory Paragraph of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any

---

[1] As stated below among their defenses, ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills were never employers of Named Plaintiff or any other employee referenced in Named Plaintiff's Complaint. ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills will detail this defense in a later motion, but highlight for the Court that they are not proper employers as alleged in Named Plaintiff's Complaint.

other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

## PRELIMINARY STATEMENT

1.      Defendants admit only so much of Paragraph 1 of Named Plaintiff's Complaint as alleges that ElderCare is "a leader of nursing homes and residential care living in Missouri." Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 1 of Named Plaintiff's Complaint not explicitly admitted.

2.      Paragraph 2 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 1 of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Missouri wage laws, MO. REV. STAT. § 290.010 *et seq.*, and Missouri common law.  Defendants further admit that Named Plaintiff is attempting to act as a representative on behalf of herself and other allegedly similarly situated individuals.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 2 of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

3.      Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 3 of Named Plaintiff's Complaint and further deny that either Named Plaintiff or any other individual is entitled to any relief whatsoever, whether in law or equity.

4.      Defendants admit only so much of Paragraph 4 of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging claims on behalf of herself against ElderCare and Villa Marie and that Villa Marie is located in Jefferson City, Missouri.   ElderCare, Lakeside

Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills are without sufficient information to admit or deny the allegations of fact set forth in Paragraph 4 of Named Plaintiff's Complaint related to Named Plaintiff's employment and therefore deny the same. Villa Marie admits that Named Plaintiff was employed at Villa Marie for approximately twenty months as a Licensed Practical Nurse ("LPN"). Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 4 of Named Plaintiff's Complaint not explicitly admitted and further deny that Named Plaintiff has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

5.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 5 of Named Plaintiff's Complaint and further deny that Named Plaintiff is entitled to any relief whatsoever, whether in law or equity.

## PARTIES

6.     Defendants admit only so much of Paragraph 6 of Named Plaintiff's Complaint as alleges that Villa Marie is located in Jefferson City, Missouri and that Named Plaintiff's consent to become a Party Plaintiff was attached to Named Plaintiff's Complaint. ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills are without sufficient information to admit or deny the allegations of fact set forth in Paragraph 6 of Named Plaintiff's Complaint related to Named Plaintiff's employment and therefore deny the same. Villa Marie admits that Named Plaintiff was employed at Villa Marie as an LPN, which was a non-exempt hourly position. Defendants are without sufficient information to admit or deny the allegations of fact set forth in Paragraph 6 of Named Plaintiff's Complaint related to the location of Named Plaintiff's residence and therefore deny the same.

Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 6 of Named Plaintiff's Complaint not explicitly admitted.

7.      Defendants admit only so much of Paragraph 7 of Named Plaintiff's Complaint as alleges that ElderCare is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing. Defendants further admit that ElderCare is an independent company that provides management services to nine independent skilled nursing and/or residential care facilities located throughout Missouri. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 7 of Named Plaintiff's Complaint not explicitly admitted.

8.      Defendants only so much of Paragraph 8 of Named Plaintiff's Complaint as alleges that Indian Hills is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing. Defendants further admit that Indian Hills conducts business under the name Indian Hills – A Stonebridge Community, that Indian Hills is located at 2601 Fair Street, Chillicothe, Missouri 64601, and that Indian Hills offers services including residential care, rehabilitation, and skilled care. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 8 of Named Plaintiff's Complaint not explicitly admitted.

9.      Defendants admit only so much of Paragraph 9 of Named Plaintiff's Complaint as alleges that Lakeside Meadows is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing. Defendants further admit that Lakeside Meadows conducts business under the name Lakeside Meadows – A Stonebridge Community, that Lakeside Meadows is located at 872 College, Lake Ozark, Missouri 65065, and that Lakeside Meadows offers services including memory care, rehabilitation, and skilled care. Defendants deny all

remaining allegations of fact and/or conclusions of law set forth in Paragraph 9 of Named Plaintiff's Complaint not explicitly admitted.

10.     Defendants admit only so much of Paragraph 10 of Named Plaintiff's Complaint as alleges that Oak Tree Villas is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing.  Defendants further admit that Oak Tree Villas conducts business under the name Oak Tree Villas – A Stonebridge Community, that Oak Tree Villas is located at 3108 West Truman Blvd., Jefferson City, Missouri 65109, and that Oak Tree Villas offers services including residential care, rehabilitation, and skilled care.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 10 of Named Plaintiff's Complaint not explicitly admitted.

11.     Defendants admit only so much of Paragraph 11 of Named Plaintiff's Complaint as alleges that Brookview is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing.  Defendants further admit that Brookview conducts business under the name Stonebridge Maryland Heights, that Brookview is located at 2963 Doddridge Avenue, Maryland Heights, Missouri 63043, and that Brookview offers services including residential care, memory care, rehabilitation, and skilled care.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 11 of Named Plaintiff's Complaint not explicitly admitted.

12.     Defendants admit only so much of Paragraph 12 of Named Plaintiff's Complaint as alleges that The Valley is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing.  Defendants further admit that The Valley conducts business under the name The Valley – A Stonebridge Community, that The Valley is located at 6768 North Highway 67, Florissant, Missouri 63034, and that The Valley offers services including

rehabilitation and skilled care. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 12 of Named Plaintiff's Complaint not explicitly admitted.

13.     Defendants admit only so much of Paragraph 13 of Named Plaintiff's Complaint as alleges that The Villa is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing. Defendants further admit that The Villa conducts business under the name The Villa – A Stonebridge Community, that The Villa is located at 1550 Villa Drive, Desoto, Missouri 63020, and that The Villa offers services including residential care, rehabilitation, and skilled care. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 13 of Named Plaintiff's Complaint not explicitly admitted.

14.     Defendants admit only so much of Paragraph 14 of Named Plaintiff's Complaint as alleges that Villa Marie is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing. Defendants further admit that Villa Marie conducts business under the name Villa Marie – A Stonebridge Community, that Villa Marie is located at 1030 Edmonds Street, Jefferson City, Missouri 65109, and that Villa Marie offers services including rehabilitation and skilled care. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 14 of Named Plaintiff's Complaint not explicitly admitted.

15.     Defendants admit only so much of Paragraph 15 of Named Plaintiff's Complaint as alleges that Westphalia Hills is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing. Defendants further admit that Westphalia Hills conducts business under the name Westphalia Hills – A Stonebridge Community, that Westphalia Hills is

located at 1899 Highway 63, Westphalia, Missouri 65085, and that Westphalia Hills offers services including residential care, rehabilitation, and skilled care. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 15 of Named Plaintiff's Complaint not explicitly admitted.

16.     Defendants admit only so much of Paragraph 16 of Named Plaintiff's Complaint as alleges that Woodland Hills is a Missouri corporation, is registered to conduct business in Missouri, and is in good standing. Defendants further admit that Woodland Hills conducts business under the name Woodland Hills – A Stonebridge Community, that Woodland Hills is located at 702 Highway 34 West, Marble Hill, Missouri 63764, and that Woodland Hills offers services including residential care and skilled care. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 16 of Named Plaintiff's Complaint not explicitly admitted.

## JURISDICTION AND VENUE

17.     Paragraph 17 of Named Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants admit only so much of Paragraph 17 of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging that Defendants violated the FLSA and that 28 U.S.C. § 1331 provides a basis for subject matter jurisdiction in this Court over Named Plaintiff's claim. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 17 of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

18.     Paragraph 18 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 18 of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging that Defendants violated the Missouri wage laws, MO. REV. STAT. §§ 290.010 *et seq.*, and Missouri common law and that 28 U.S.C. § 1367 provides a basis for supplemental subject matter jurisdiction in this Court over Named Plaintiff's state law claims.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 18 of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

19.     Paragraph 19 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 19 of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging that ElderCare and Villa Marie violated the Civil Rights Act of 1866, 42 U.S.C. § 1981 and that 28 U.S.C. § 1331 provides a basis for subject matter jurisdiction in this Court over Named Plaintiff's claim.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 19 of Named Plaintiff's Complaint not explicitly admitted and further deny that Named Plaintiff has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

20.     Paragraph 20 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 20 of Named Plaintiff's Complaint as alleges that this Court has personal jurisdiction over Defendants.  ElderCare, Villa Marie, Lakeside Meadows, Westphalia Hills, and Oak Tree

Hills also admit that they conduct business within the Western District of Missouri, Central Division.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 20 of Named Plaintiff's Complaint not explicitly admitted.

21.     Paragraph 21 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of Paragraph 21 of Named Plaintiff's Complaint as alleges that venue is proper in this Court. ElderCare admits that it conducts business within the Western District of Missouri, Central Division.  Villa Marie, Lakeside Meadows, Westphalia Hills, and Oak Tree Hills admit that they conduct business and have facilities within the Western District of Missouri, Central Division. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 21 of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

22.      Paragraph 22 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Villa Marie admits only so much of Paragraph 22 of Named Plaintiff's Complaint as alleges that Villa Marie employed Named Plaintiff.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 22 of Named Plaintiff's Complaint not explicitly admitted.

23.     Paragraph 23 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Villa Marie admits only so much of Paragraph 23 of Named Plaintiff's Complaint as alleges that Villa Marie employed Named Plaintiff.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 23 of Named Plaintiff's Complaint not explicitly admitted.

24.     Paragraph 24 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Villa Marie admits only so much of Paragraph 23 of Named Plaintiff's Complaint as alleges that Villa Marie employed Named Plaintiff.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 24 of Named Plaintiff's Complaint not explicitly admitted.

25.     Paragraph 25 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 25 of Named Plaintiff's Complaint.

26.     Defendants are without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 26 of Named Plaintiff's Complaint and therefore deny the same.

## COUNT I
### Collective Action Claim under the FLSA
### Against All Defendants

27.     Defendants incorporate their responses to Paragraphs 1 through 26 of Named Plaintiff's Complaint as if fully set forth herein.

28.     ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills are without sufficient information to admit or deny the allegations of fact and/or Conclusions of law set forth in Paragraph 28 of Named Plaintiff's Complaint and therefore deny the same.  Villa Marie admits only so much of Paragraph 28 of Named Plaintiff's Complaint as alleges that Named Plaintiff was employed at Villa Marie as an LPN, that Named Plaintiff was a non-exempt hourly employee, and that Villa Marie is located in Jefferson City, Missouri.  Villa Marie further admits that it employed other non-exempt hourly employees.  Defendants deny all remaining allegations of fact and/or

conclusions of law set forth in Paragraph 28 of Named Plaintiff's Complaint not explicitly admitted.

29.     Defendants admit only so much of Paragraph 29 of Named Plaintiff's Complaint as alleges that each Defendant, as independent entities, employs their own employees, some of whom are non-exempt hourly employees. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 29 of Named Plaintiff's Complaint not explicitly admitted.

30.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 30 of Named Plaintiff's Complaint.

31.     ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills are without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 31 of Named Plaintiff's Complaint and therefore deny the same. Villa Marie admits only so much of Paragraph 31 of Named Plaintiff's Complaint as alleges that Villa Marie automatically deducts thirty minutes of working time during shifts longer than six hours and one hour during shifts longer than fourteen hours for employee lunch periods but has a system for reimbursing employees who perform any work during their lunch break. Villa Marie denies the remaining allegations of fact and/or conclusions of law set forth in Paragraph 31 of Named Plaintiff's Complaint not explicitly admitted.

32.     ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills are without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 32 of Named Plaintiff's Complaint and therefore deny the same. Villa Marie admits only so much of

Paragraph 32 of Named Plaintiff's Complaint as alleges that Named Plaintiff did not "clock out" for her lunch periods. Villa Marie denies all remaining allegations of fact set forth in Paragraph 32 of Named Plaintiff's Complaint not explicitly admitted.

33. ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills are without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 33 of Named Plaintiff's Complaint and therefore deny the same. Villa Marie admits only so much of Paragraph 33 of Named Plaintiff's Complaint as alleges that Villa Marie requires employees who leave the facility during their shift to clock out and does not pay employees for the time they spend away from the facility. Villa Marie further admits that it automatically deducts thirty minutes of working time during shifts shorter than fourteen hours and one hour during shifts longer than fourteen hours for employee lunch periods but has a system for reimbursing employees who perform any work during their lunch break. Villa Marie denies all remaining allegations of fact set forth in Paragraph 33 of Named Plaintiff's Complaint not explicitly admitted.

34. Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 34 of Named Plaintiff's Complaint.

35. Paragraph 35 of Named Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 35 of Named Plaintiff's Complaint.

36. Paragraph 36 of Named Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants admit only so much of Paragraph 36 of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging that

Defendants violated the FLSA and that Named Plaintiff is attempting to assert a "collective action" against Defendants. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 36 of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

37.     Paragraph 37 of Named Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants admit only so much of Paragraph 37 of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging that Defendants violated the FLSA and that Named Plaintiff is attempting to assert a "collective action" against Defendants. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 37 of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

38.     Paragraph 38 of Named Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 38 of Named Plaintiff's Complaint.

39.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 39 of Named Plaintiff's Complaint.

40.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 40 of Named Plaintiff's Complaint.

41.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 41 of Named Plaintiff's Complaint and further deny that either Named Plaintiff or any other individual is entitled to any relief whatsoever, whether in law or equity.

42.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 42 of Named Plaintiff's Complaint and further deny that either Named Plaintiff or any other individual is entitled to any relief whatsoever, whether in law or equity.

Defendants deny the allegations of fact and/or conclusions of law set forth in the WHEREFORE Paragraph of Count I of Named Plaintiff's Complaint (and each of its subparts) and further deny that either Named Plaintiff or any other individual is entitled to any relief whatsoever, whether in law or equity.

## COUNT II
### Class Action under Missouri Wage Laws
### Against All Defendants

43.     Defendants incorporate their responses to Paragraphs 1 through 42 of Named Plaintiff's Complaint as if fully set forth herein.

44.     ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills are without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 44 of Named Plaintiff's Complaint and therefore deny the same.  Villa Marie admits only so much of Paragraph 44 of Named Plaintiff's Complaint as alleges that Named Plaintiff was employed at Villa Marie as an LPN, that Named Plaintiff was a non-exempt hourly employee, and that Villa Marie is located in Jefferson City, Missouri.  Villa Marie further admits that it employed other non-exempt hourly employees.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 44 of Named Plaintiff's Complaint not explicitly admitted.

45.     Paragraph 45 of Named Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only so much of

Paragraph 45 of Named Plaintiff's Complaint as alleges that Named Plaintiff is attempting to assert a class action against Defendants. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 45 of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

46. Paragraph 46 of Named Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 46 of Named Plaintiff's Complaint.

47. Paragraph 47 of Named Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants admit only so much of Paragraph 47 of Named Plaintiff's Complaint as alleges that Named Plaintiff is alleging that Defendants violated the Missouri wage laws, MO. REV. STAT. §§ 290.010 *et seq.* and that Named Plaintiff is attempting to assert a class action against Defendants. Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 47 of Named Plaintiff's Complaint not explicitly admitted and further deny that either Named Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

48. Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 48 of Named Plaintiff's Complaint.

49. Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 49 of Named Plaintiff's Complaint.

49(a). Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 49(a) of Named Plaintiff's Complaint.

49(b).  Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 49(b) of Named Plaintiff's Complaint.

        49(b)(i).      Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 49(b)(i) of Named Plaintiff's Complaint.

        49(b)(ii).     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 49(b)(ii) of Named Plaintiff's Complaint.

        49(b)(iii).    Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 49(b)(iii) of Named Plaintiff's Complaint.

        49(b)(iv).    Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 49(b)(iv) of Named Plaintiff's Complaint.

        49(b)(v).     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 49(b)(v) of Named Plaintiff's Complaint.

50.  Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 50 of Named Plaintiff's Complaint.

51.  Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 51 of Named Plaintiff's Complaint.

52.  Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 52 of Named Plaintiff's Complaint.

53.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 53 of Named Plaintiff's Complaint.

54.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 54 of Named Plaintiff's Complaint.

55.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 55 of Named Plaintiff's Complaint.

56.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 56 of Named Plaintiff's Complaint.

57.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 57 of Named Plaintiff's Complaint.

58.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 58 of Named Plaintiff's Complaint.

59.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 59 of Named Plaintiff's Complaint.

Defendants deny the allegations of fact and/or conclusions of law set forth in the WHEREFORE Paragraph of Count II of Named Plaintiff's Complaint (and each of its subparts) and further deny that either Named Plaintiff or any other individual is entitled to any relief whatsoever, whether in law or equity.

**COUNT III**
**Class Action for Breach of Contract under Missouri Law**
**Against All Defendants**

60.     Defendants incorporate their responses to Paragraphs 1 through 59 of Named Plaintiff's Complaint as if fully set forth herein.

61.     Defendants admit only so much of Paragraph 61 of Named Plaintiff's Complaint as alleges that each Defendant, as independent entities, employs their own employees, some of whom are hourly employees who are paid for each hour worked.  Defendants deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 61 of Named Plaintiff's Complaint not explicitly admitted.

62.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 62 of Named Plaintiff's Complaint.

63.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 63 of Named Plaintiff's Complaint.

64.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 64 of Named Plaintiff's Complaint.

Defendants deny the allegations of fact and/or conclusions of law set forth in the WHEREFORE Paragraph of Count III of Named Plaintiff's Complaint and further deny that either Named Plaintiff or any other individual is entitled to any relief whatsoever, whether in law or equity.

<u>**COUNT IV**</u>
**Class Action for Unjust Enrichment under Missouri Law**
**Against All Defendants**

65.     Defendants incorporate their responses to Paragraphs 1 through 64 of Named Plaintiff's Complaint as if fully set forth herein.

66.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 66 of Named Plaintiff's Complaint.

67.     Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 67 of Named Plaintiff's Complaint.

68. Defendants deny the allegations of fact and/or conclusions of law set forth in Paragraph 68 of Named Plaintiff's Complaint.

Defendants deny the allegations of fact and/or conclusions of law set forth in the WHEREFORE Paragraph of Count IV of Named Plaintiff's Complaint and further deny that either Named Plaintiff or any other individual is entitled to any relief whatsoever, whether in law or equity.

## COUNT V
### Retaliation Pursuant to 42 U.S.C. § 1981
### Against ElderCare and Villa Marie

69. Defendants incorporate their responses to Paragraphs 1 through 68 of Named Plaintiff's Complaint as if fully set forth herein.

70. Paragraph 70 of Named Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, ElderCare and Villa Marie admit only so much of Paragraph 70 of Named Plaintiff's Complaint as alleges that Named Plaintiff appears to be African American. ElderCare and Villa Marie all remaining allegations of fact and/or conclusions of law set forth in Paragraph 70 of Named Plaintiff's Complaint not explicitly admitted.

71. ElderCare and Villa Marie admit only so much of Paragraph 71 of Named Plaintiff's Complaint as alleges that Named Plaintiff was employed by Villa Marie as an LPN. ElderCare is without sufficient information to admit or deny the remaining allegations of fact and/or conclusions of law set forth in Paragraph 71 of Named Plaintiff's Complaint not explicitly admitted and therefore denies the same. Villa Marie denies all remaining allegations of fact and/or conclusions of law set forth in Paragraph 71 of Named Plaintiff's Complaint not explicitly admitted.

72.     ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 72 of Named Plaintiff's Complaint.

73.     ElderCare and Villa Marie are without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 73 of Named Plaintiff's Complaint and therefore deny the same.

74.     ElderCare is without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 74 of Named Plaintiff's Complaint and therefore denies the same.  Villa Marie admits only so much of Paragraph 74 of Named Plaintiff's Complaint as alleges that in early 2010, Named Plaintiff and another employee made a written complaint about a Villa Marie resident.  Villa Marie denies the remaining allegations of fact and/or conclusions of law set forth in Paragraph 74 of Named Plaintiff's Complaint not explicitly admitted.

75.     ElderCare is without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 75 of Named Plaintiff's Complaint and therefore denies the same.  Villa Marie denies the allegations of fact and/or conclusions of law set forth in Paragraph 75 of Named Plaintiff's Complaint.

76.     ElderCare and Villa Marie deny allegations of fact and/or conclusions of law set forth in Paragraph 76 of Named Plaintiff's Complaint.

77.     ElderCare and Villa Marie admit the allegations of fact set forth in Paragraph 77 of Named Plaintiff's Complaint.

78.     ElderCare and Villa Marie admit the allegations of fact set forth in Paragraph 78 of Named Plaintiff's Complaint.

79.     ElderCare is without sufficient information to admit or deny the allegations of fact and/or conclusions of law set forth in Paragraph 79 of Named Plaintiff's Complaint and therefore denies the same.  Villa Marie denies the allegations of fact and/or conclusions of law set forth in Paragraph 79 of Named Plaintiff's Complaint.

80.     Paragraph 80 states legal conclusions to which no response is required.  To the extent a response is required, ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 80 of Named Plaintiff's Complaint.

81.     Paragraph 81 states legal conclusions to which no response is required.  To the extent a response is required, ElderCare and Villa Marie denies the allegations of fact and/or conclusions of law set forth in Paragraph 81 of Named Plaintiff's Complaint.

82.     Paragraph 82 states legal conclusions to which no response is required.  To the extent a response is required, ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 82 of Named Plaintiff's Complaint.

83.     ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 83 of Named Plaintiff's Complaint.

84.     ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 84 of Named Plaintiff's Complaint.

85.     ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 85 of Named Plaintiff's Complaint.

ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in the WHEREFORE Paragraph of Count V of Named Plaintiff's Complaint (and each of its subparts) and further deny that Named Plaintiff is entitled to any relief whatsoever, whether in law or equity.

## COUNT VI
### Race Discrimination Pursuant to 42 U.S.C. § 1981
### Against ElderCare and Villa Marie

86.     Defendants incorporate their responses to Paragraphs 1 through 85 of Named Plaintiff's Complaint as if fully set forth herein.

87.     Paragraph 70 of Named Plaintiff's Complaint states legal conclusions to which no response to required.  To the extent a response is required, Villa Marie admits only so much of Paragraph 87 of Named Plaintiff's Complaint as alleges that Named Plaintiff was employed by Villa Marie.  Villa Marie and ElderCare deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 87 of Named Plaintiff's Complaint not explicitly admitted.

88.     ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 88 of Named Plaintiff's Complaint.

89.     ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 89 of Named Plaintiff's Complaint.

90.     Paragraph 90 states legal conclusions to which no response is required.  To the extent a response is required, ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 88 of Named Plaintiff's Complaint.

91.     ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 91 of Named Plaintiff's Complaint.

92.     ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in Paragraph 92 of Named Plaintiff's Complaint.

ElderCare and Villa Marie deny the allegations of fact and/or conclusions of law set forth in the WHEREFORE Paragraph of Count VI of Named Plaintiff's Complaint (and each of its

subpins) and further deny that Named Plaintiff is entitled to any relief whatsoever, whether in law or equity.

## DEMAND FOR JURY TRIAL

Named Plaintiff's prayer for the appointment of counsel, certification of a collective action, certification of a class action, notice to alleged class members, liquidated damages, interest, attorneys' fees, costs, disbursements, and/or any other equitable relief are not triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering, and in defense of Named Plaintiff's claim, Defendants state as follows:

1.      Named Plaintiff's Complaint fails to state a claim upon which relief can be granted.  For example, Named Plaintiff has not pled sufficient facts to support her claim of joint employer or integrated enterprise liability against ElderCare, Lakeside Meadows, Westphalia Hills, The Villa, Oak Tree Villas, Brookview, The Valley, Woodland Hills, and Indian Hills.

2.      Actions taken by Defendants with respect to Named Plaintiff were taken with the good-faith belief that such actions complied with all applicable laws.

3.      Named Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

4.      All of Defendants' decisions and actions made or taken with respect to Named Plaintiff were justified by legitimate business reasons.

5.      Named Plaintiff's claims are barred by applicable statutes of limitations or other periods of limitation.

6.     Named Plaintiff's claims are barred, in whole or in part, by Named Plaintiff's failure to satisfy her duty to mitigate her damages.

7.     Named Plaintiff's claims under 42 U.S.C. § 1981 against Villa Marie and ElderCare are barred because, even if an impermissible factor had been a factor in any decision made or action taken by Villa Marie and/or ElderCare, which Villa Marie and/or ElderCare deny, Villa Marie and/or ElderCare would have taken the same action in the absence of any impermissible motivating factor.

8.     No actions taken by Defendants were made with evil motive or reckless indifference to the rights of others.

9.     Named Plaintiff's claims fail to the extent that Named Plaintiff failed to exhaust her administrative remedies.

10.     Named Plaintiff seeks damages that are not recoverable.

11.     Named Plaintiff's claim for retaliation under 42 U.S.C. § 1981 against Villa Marie and ElderCare fails because Named Plaintiff did not engage in protected activity as required by 42 U.S.C. § 1981.

12.     Named Plaintiff's claims are barred by her prior breach of her alleged express or implied agreement(s) with Defendants.

13.     Named Plaintiff's claims are barred by the statute of frauds and the parol evidence rule.

14.     Named Plaintiff's claims are barred by the doctrine of accord and satisfaction.

15.     Defendants fulfilled all obligations under any contract with Named Plaintiff.

16.     To the extent Named Plaintiff seeks relief under the FLSA for any period more than two years prior to the filing of this lawsuit, such claims are barred because Named Plaintiff has failed to allege facts sufficient to plead or prove a willful violation of the FLSA.

17.     Named Plaintiff is not entitled to recover any damages, the existence of which damages Defendants specifically deny, as Defendants acted in good faith reliance on the Wage and Hour Administrator's regulations and decisions, the regulations and decisions of the Missouri Department of Labor and Industrial Relations, and the decisions of federal and state courts.

18.     Named Plaintiff's claim for "willful" violations of the FLSA is barred by 29 C.F.R. § 578.3(c) because Named Plaintiff cannot show Defendants knew or acted with reckless disregard, nor has she pled any such facts in her Complaint.

19.     Named Plaintiff is not entitled to recover liquidated or exemplary damages, the existence of which damages Defendants specifically deny, as Named Plaintiff has not set forth and cannot set forth sufficient facts to support a claim for liquidated or exemplary damages.

20.     Defendants deny that Named Plaintiff may maintain this action as a collective or representative action because she cannot satisfy the requirements of 29 U.S.C. § 216, FED. R. CIV. P. 23, or any other applicable statute.

21.     Named Plaintiff's case is inappropriate for collective action treatment under the FLSA and/or class action treatment because Named Plaintiff and those she purports to represent, the existence of which is expressly denied, were not/are not "similarly situated," as required.

22.     Other putative Named Plaintiffs have failed to satisfy the requirements of the FLSA by not filing their required consents to join in this representative action.

23.     The claims and allegations of Named Plaintiff are not typical of the claims of the purported class members, and she will not fairly and adequately protect the interest of the purported class members.

24.     Certain of the interests of the proposed class members are in conflict with interests of all or certain sub-groups of the members of the alleged class of persons but Named Plaintiff purports to represent, the existence of which is expressly denied.

25.     Defendants deny that this action should proceed as a class action because the parties are not numerous within the meaning of applicable class action requirements, there is not a common or general interest in the alleged class, there is not a common or general interest in the alleged class, there is not a community of interest among the alleged class members, and/or there is not a risk of substantial prejudice from separate actions.

26.     Defendants paid each of their individual employees for all hours worked of which they were or should have been aware.

27.     For any damages for which Defendants are found liable, the existence of which Defendants specifically deny, Defendants are entitled to a set-off or credit for any amounts Named Plaintiff earned or received or could have earned or received through reasonable efforts on her part.

28.     Named Plaintiff's prayer for appointment of her attorneys as interim class counsel, certification of a collective and/or class action, notice to alleged class members, liquidated damages, interest, attorneys' fees, costs, disbursements, and/or any other equitable relief are not triable to a jury.

29.     Defendants specifically deny all allegations in Named Plaintiff's Complaint not specifically admitted herein.

30.     Defendants expressly reserve the right to add additional affirmative defenses pending further discovery.

WHEREFORE, having fully answered Named Plaintiff's Complaint, Defendants request that Named Plaintiff's Complaint be dismissed in its entirety, with costs taxed against Named Plaintiff, and for such other relief as the Court deems just and proper.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Kate M. Heideman
        Robert J. Tomaso
        Josef S. Glynias
        Kate M. Heideman
        190 Carondelet Plaza, Suite 600
        Saint Louis, Missouri 63105
        Telephone: (314) 345-6000
        Facsimile: (314) 480-1505
        bob.tomaso@huschblackwell.com
        joe.glynias@huschblackwell.com
        kate.heideman@huschblackwell.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing was filed via the Court's CM/ECF System on this 29th day of November, 2010 and therefore electronically served upon:

Rowdy B. Meeks
Rowdy Meeks Legal Group, LLC
4717 Grand Avenue, Suite 840
Kansas City, MO 64112
Telephone: (816)531-2277
Facsimile: (816) 531-7722
rowdy.meeks@rmlegalgroup.com

/s/ Kate M. Heideman